UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAISIN LEE,

      Plaintiff,

v.                                        Case No: 6:16-cv-207-Orl-28KRS

RAYDON CORPORATION,

      Defendant.

## ORDER

Plaintiff Laisin Lee alleges that her former employer, Defendant Raydon Corporation, discriminated against her based on her race in violation of 42 U.S.C. § 1981. Plaintiff contends that Defendant subjected her to a hostile work environment, demoted her, and ultimately terminated her based on her race. She also asserts that her termination was in retaliation for complaining about discrimination. Defendant filed a Motion to Dismiss (Doc. 12), seeking to dismiss the Complaint (Doc. 1) on the grounds that it is a shotgun complaint, alleges claims that are barred by the statute of limitations, and fails to state a claim for which relief can be granted. Plaintiff responded. (Doc. 13). For the reasons stated below, Defendant's motion is due to be denied.

I.    **Background**

Plaintiff was employed as a recruiting specialist in Defendant's human resources department from April 2008 until she was terminated on or about February 13, 2012. (Compl., Doc. 1, ¶ 7). Plaintiff alleges that during this time she was harassed based on her race by her co-workers and supervisors. (Id. ¶¶ 8–13). Plaintiff complained to management about the harassment and filed a charge in 2010 with the Equal Employment

Opportunity Commission ("EEOC"). (Id. ¶ 13). Plaintiff alleges that thereafter she was "constantly yelled at and ridiculed about the charge of discrimination." (Id. ¶ 13). Between December 2011 and February 2012, the EEOC conducted an on-site investigation of Defendant.[1] After the visit, Plaintiff's supervisor—the director of human resources—allegedly yelled at Plaintiff: "'No one over there is afraid of you!' [(]Referring to the executives)." (Id.). "Within three (3) months of [the on-site] investigation by the EEOC, Plaintiff was terminated in February of 2012." (Id.). Plaintiff claims that the reason for her termination was that her white co-workers in the human resources department did not want to work with her because of her race. (Id. ¶ 8).

II.  **Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). At the motion to dismiss stage, a court must evaluate all plausible inferences derived from the facts alleged in the complaint in favor of the plaintiff. Whitwam v. JetCard Plus, Inc., 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or

---

[1] The Complaint alleges that the on-site investigation took place "[w]ithin three (3) months" of Plaintiff's termination in February 2012. (Compl. ¶ 13).

referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

#### A. Shotgun Complaint

Defendant first argues that the Complaint should be dismissed as a "shotgun complaint." The Eleventh Circuit identifies four categories of shotgun complaints. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The instant Complaint falls within the third category as "one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1323. Indeed, Plaintiff admits that her claims for "Hostile Work Environment" "Discrimination," and "Retaliation" are distinct and separate, but the Complaint includes them in a single count for "42 U.S.C. § 1981 Violations." (Pl.'s Resp. in Opp'n, Doc. 13, at 3–4). However, because there is only one defendant and relatively few factual allegations, it is not "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Weiland, 792 F.3d at 1325 (emphasis omitted). Defendant's motion to dismiss will be denied on this ground.

#### B. Statute of Limitations

Defendant next seeks to dismiss with prejudice those allegations pertaining to Defendant's conduct that occurred outside of the applicable four-year statute of limitations. Generally speaking, "[a] statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta, 358 F.3d at 845 (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). However, "a Rule 12(b)(6) dismissal on statute of limitations grounds is

appropriate . . . if it is 'apparent from the face of the complaint' that the claim is time-barred." Id.

Plaintiff alleges three distinct claims under § 1981—"hostile work environment," "discrimination," and "retaliation"—each of which has a four-year statute of limitations[2] that "'commences when the plaintiff knows or reasonably should know that the discriminatory act has occurred.'" Stafford v. Muscogee Cty. Bd. of Educ., 688 F.2d 1383, 1390 (11th Cir. 1982) (quoting McWilliams v. Escambia Cty. Sch. Bd., 658 F.2d 326, 330 (5th Cir. 1981)). It is unclear from the face of the Complaint when Plaintiff learned of each of the discriminatory acts that gave rise to her claims. However, at a minimum, Plaintiff's termination from her employment with Defendant is a sufficiently pled discriminatory act that allegedly took place within the four-year statute of limitations period.[3] Thus, Defendant's motion to dismiss on this ground is due to be denied.

### C. Failure to State a Claim

Defendant alleges that the Complaint fails to state a claim as to all three of Plaintiff's § 1981 claims. However, much of Defendant's arguments go to the merits of Plaintiff's claims and present issues that cannot be resolved on a motion to dismiss. The remainder of Defendant's arguments otherwise fail as Plaintiff has pleaded plausible claims of hostile work environment, disparate treatment, and retaliation that satisfy the requirements of Twombly and Iqbal.

---

[2] The statute of limitations for actions brought under § 1981 is four years whether the court applies 28 U.S.C. § 1658—the federal statute of limitations for actions arising under § 1981 as amended by the Civil Rights Act of 1991, Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004)—or analogous Florida law, Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 975 (11th Cir. 2012).

[3] Plaintiff alleges that she was fired on or about February 13, 2012. The Complaint was filed on February 8, 2016.

IV.   **Conclusion**

It is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May ___, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties